IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. GRELEWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 2282 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| GERALD L. KUCHTA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Grelewicz filed a three-count first amended complaint seeking damages against defendant Gerald Kuchta for injuries sustained while plaintiff was a passenger on defendant's pleasure boat. Count I asserts that defendant breached his duty to provide plaintiff with a seaworthy vessel. Count II asserts that defendant breached his duty to be free from fault. Count III asserts that defendant was negligent in the operation of his boat. This court has admiralty jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

The parties have filed cross-motions for summary judgment under Fed. R. Civ. P. 56. For the reasons stated below, the court grants defendant's motion for summary judgment for Count I, but it denies both parties' motions for summary judgment as to Counts II and III.

## **FACTS**[1]

On October 1, 2001, defendant took plaintiff and a third party, Ronnie Novak, as passengers on his boat, a thirty-two foot Inland Seas cabin cruiser. At the time of the incident,

---

[1]The facts are taken from the parties' Local Rule 56.1 Statements of Uncontested Facts.

defendant had owned the boat for approximately four months. The boat, which weighs approximately 15,000 pounds, has a maximum speed of approximately 20 miles per hour.

The three men left from defendant's boat slip in Lake Calumet, and they proceeded up the Calumet River to Lake Michigan. Defendant had navigated this boat through this route on two prior occasions, and he had operated other boats on the Calumet River for forty years. Defendant believed he was using the same route he ordinarily utilized to return to his boat slip, and he was unaware of any actions Novak could have taken to avoid the accident. After several hours, and after both defendant and Novak consumed several beers each, the men decided to return to the boat slip and headed back down the river, reversing the route used to reach the lake.

Approximately thirty minutes after beginning the return trip, while on the Calumet River, defendant asked Novak to operate the watercraft. Novak had a total of five to ten minutes experience operating this boat, although he had accompanied defendant on the boat on five prior occasions and had piloted defendant's other boats on the Calumet River for forty years. Defendant instructed Novak to maintain the boat's course and speed. Defendant states that the boat was moving at approximately 8.5 miles per hour. Defendant did not instruct Novak to look for obstacles or obstructions in the river when giving him control of the boat, and neither defendant nor Novak was aware of any such obstacles or obstructions. When Novak took control, he made no changes to the power settings, trim settings, or course of the boat. None of the three men was aware of any speed limit or any speed limit signs.

Several minutes after Novak took control of the vessel, the steel hull of the boat struck a sandbar in the river, causing the boat to come to an abrupt stop. The impact threw plaintiff through a cabin door and down several stairs. The impact also threw defendant forward, causing

him to land on top of plaintiff. Plaintiff sustained injuries to his side, arm, and shoulder. After the impact, defendant called to have the boat towed back to the marina, because the boat was no longer operable.

On the day of the incident, defendant was not using any navigation aids during the voyage, and his boat was not equipped with a functional depth gauge. Although defendant had on board a navigation chart identifying river depths, the chart was below deck at the time of the incident, and neither defendant nor Novak consulted the chart on the day in question.

## **DISCUSSION**

Summary Judgment Standard

Both parties have moved for summary judgment. A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir. 1993). However, the nonmoving

3

party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

Because plaintiff's cause of action involves an alleged tort committed on a watercraft on navigable waters, the court must apply federal maritime law. See, e.g., Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628 (1959).

Count I

Count I of plaintiff's complaint asserts that defendant breached his duty to provide plaintiff with a seaworthy vessel. Specifically, plaintiff alleges that defendant's boat was unseaworthy because defendant: 1) failed to know the position of his vessel; 2) failed to know navigation hazards in the area of the accident; 3) allowed a person with insufficient navigation skills to helm the boat; 4) failed to tell Novak of navigation hazards in the boat's immediate path; 5) failed to use navigation aids; 6) did not have operable depth-finding equipment on board; and 7) consumed alcohol during the voyage. Both parties moved for summary judgment as to defendant's liability under Count I.

Defendant argues that the duty to provide a seaworthy vessel, including a competent crew, does not extend to owners of boats used only for pleasure. Defendant is correct that he owes plaintiff no duty to provide a seaworthy vessel, but both parties mischaracterize the law in this area. Under federal maritime law, a vessel owner does not owe passengers a duty to provide a seaworthy vessel because the owner himself is a seaman; instead, the owner owes other

4

individuals on board a seaworthy vessel only if the other individuals are seamen. Kermarec, 358 U.S. at 629. See also Travelers Indemnity Co. v. Gulf Weighing Corp., 352 F.Supp. 335, 341 n. 1 (E.D. La.1972) ("the plaintiffs [passengers on a pleasure boat] cannot avail themselves of the right to a seaworthy vessel which is extended to those members of the ship's company and incurring a seaman's hazards"). Ordinary passengers are not seamen; only those "aboard...to perform ship's work" may be classified as seamen. Kermarec, 358 U.S. at 629.

A vessel owner owes ordinary passengers only a duty of reasonable care. "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." Id. at 630; see also Leathers v. Blessing, 105 U.S. 626, 630 (1881).

Defendant's liability, therefore, turns not on his duty to provide a seaworthy vessel, but whether he exercised reasonable care, as will be discussed in the analysis of Count III of plaintiff's complaint. Because defendant had no duty to plaintiff to provide a seaworthy vessel, the court grants defendant's motion for summary judgment as to Count I.

Count II

Count II asserts that defendant breached his duty to be free from fault. First, plaintiff alleges that defendant breached this duty by violating two Uniform Inland Navigation Rules, applicable by Coast Guard mandate, in failing to provide a proper lookout and failing to proceed at a safe speed.

Plaintiff is correct in his assertion that defendant was subject to the Uniform Inland Navigation Rules, because "[t]hese rules apply to all vessels upon the inland waters of the United States." 33 U.S.C. § 2001(a). However, as discussed below, plaintiff cannot establish as a

5

matter of law that defendant violated these rules during the incident in question. Similarly, defendant cannot establish as a matter of law that he did not violate these rules. For these reasons, the court denies both parties' motions for summary judgment as to Count II.

Plaintiff first claims that defendant violated Inland Navigation Rule 5, "Look-out," which states that "[e]very vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make full appraisal of the situation and of the risk of collision." 33 U.S.C. § 2005. Plaintiff maintains that the court must apply the "Pennsylvania Rule" of causation analysis. Under this rule, "a vessel shown to be in breach of a statute or regulation has the burden of proving not only that the fault probably was not one of the contributory causes of the accident, but also that it could not have been a contributory cause." Folkstone Maritime, Ltd. v. CSX Corp., 64 F.3d 1037, 1046-47 (7th Cir. 1995), citing The Pennsylvania, 86 U.S. 125, 136 (1873).

Plaintiff, however, has not demonstrated that defendant actually breached Rule 5 by failing to maintain a proper look-out. Plaintiff claims that defendant did not designate a particular individual to act as the boat's look-out, and that such failure constitutes a violation of the rule. The rule, though, does not require that the captain or other individual in charge must designate a specific person. Whether defendant violated Rule 5 is a matter to be decided by the trier of fact and is not appropriate for summary judgment. Because plaintiff cannot conclusively establish that the defendant violated Rule 5, the court need not apply the "Pennsylvania Rule" causation analysis at this time.

Similarly, defendant has not demonstrated that he did <u>not</u> violate Rule 5. Defendant claims that all three individuals on the boat were maintaining a look-out prior to the incident and

that none of the three men was able to see any obstacles or obstructions before the boat collided with the sandbar. Plaintiff, though, claims that he was not maintaining a look-out, and defendant himself claims that he was at the rear of the boat and not looking in the direction of the boat's progress. Plaintiff, therefore, has established genuine issues of material fact regarding defendant's conduct in connection with Rule 5, rendering summary judgment inappropriate.

Plaintiff also alleges that defendant violated Inland Navigation Rule 6, "Safe Speed," 33 U.S.C. § 2206, which states:

> Every vessel shall at all times proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing and conditions. In determining a safe speed the following factors shall be among those taken into account: (a) By all vessels: (I) the state of visibility; (ii) the traffic density, including concentration of fishing vessels or any other vessels; (iii) the maneuverability of the vessel with special reference to stopping distance and turning ability in the prevailing conditions; (iv) at night the presence of background light such as from shore lights or from back scatter of her own lights; (v) the state of wind, sea, and current, and the proximity of navigational hazards; (vi) the draft in relation to the available depth of water.

As with Rule 5, plaintiff has not demonstrated that defendant violated Rule 6 by failing to proceed at a safe speed. Plaintiff claims that defendant did not take into account the boat's draft (its vertical depth in the water) or the depth of the river in determining the speed of the boat upon entering the river. Plaintiff, though, admits that he did not know either the boat's actual speed or the maximum speed allowed on the river at the point of the accident. Whether defendant violated Rule 6 by failing to operate his boat at a safe speed is therefore a matter to be decided by the trier of fact and is not appropriate for summary judgment.

Similarly, defendant cannot establish as a matter of law that he did <u>not</u> violate Rule 6. Defendant maintains that when he asked Novak to take control, the boat was moving at

approximately 8.5 miles per hour. He also maintains that Novak made no changes to the boat's course or speed. Both defendant and Novak, however, were unaware of any speed limit requirements in the vicinity of the accident. Further, defendant admits that at the time of the accident, he was at the rear of the boat and not looking in the direction of the boat's progress. Defendant, therefore, was not aware of any obstacles or hazards that might have been visible, making it unclear whether the boat was moving at a safe speed given the possibility of obstructions in the boat's path. Defendant has not established as a matter of law that the boat was moving at a safe speed at the time of the accident, rendering summary judgment inappropriate as to this matter.

Because both parties establish genuine issues of material fact as to defendant's maintenance of a look-out and speed at the time of the accident, the court denies both motions for summary judgment as to Count II.

Count III

Count III alleges that defendant was negligent in the operation of his watercraft, incorporating the specific allegations made in Counts I and II. As mentioned, the standard of care owed by a ship owner or captain to a passenger is one of reasonableness under the circumstances. Kermarec, 358 U.S. at 630; Leathers, 105 U.S. at 630. Circumstances to be considered include "general concepts of prudent seamanship and reasonable care, statutory and regulatory rules governing the movement and management of vessels and other maritime structures, and recognized maritime customs and usages." Folkstone, 54 F.3d at 1046.

Both parties filed motions for summary judgment as to Count III. Plaintiff maintains that defendant was negligent as a matter of law because he: failed to designate a specific person as a

8

lookout; operated the boat at an unsafe speed; consumed several alcoholic beverages during the course of the afternoon; allowed an inexperienced person to operate the boat; and failed to use a navigation chart. Defendant claims that his behavior was not negligent because: he operated the boat in a safe and cautious manner; he had navigated the waters in question on prior occasions; no one on board was aware of any obstacles or obstructions in the boat's path; and neither he nor Novak could have avoided the accident.

Whether defendant's actions constitute a lack of reasonable care is a matter of fact to be decided at trial. Further, to prevail in a negligence claim under maritime law, defendant's negligence must be a contributory cause of the collision. <u>Folkstone</u>, 64 F.3d at 1046-47. While the burden rests on defendant to prove that his negligence was not a contributing cause, <u>id</u>., genuine issues of material fact remain. For this reason, the court denies plaintiff's motion for summary judgment as to Count III. Similarly, defendant has not proved as a matter of law that his conduct was not negligent and that it was not a contributing cause of plaintiff's injuries. For these reasons, the court denies defendant's motion for summary judgment as to Count III.

## **CONCLUSION**

For the reasons set forth above, the court grants defendant's motion for summary judgment as to Count I. The court denies the motions of both parties for summary judgment as to Counts II and III.

**ENTER: September 6, 2006**

_____
  **Robert W. Gettleman**
  **United States District Judge**